SPIZZ COHEN & SERCHUK, P.C.
Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY  10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                                                           Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,          Case No. 12-13689 (SMB)

                                          Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ALEX SPIZZ, as Chapter 7 Trustee of
AMPAL-AMERICAN ISRAEL CORPORATION,

                             Plaintiff,          Adv. Pro. No. 14-2107 (SMB)

      - against -

ERNST & YOUNG (ISRAEL) LTD.,

                             Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## STIPULATION AND AGREED ORDER
## SETTLING ADVERSARY PROCEEDING

**IT IS HEREBY STIPULATED AND AGREED** by and between (i) Plaintiff Alex Spizz, as the Chapter 7 trustee (the "Trustee") of the above-captioned debtor, Ampal-American Israel Corporation (the "Debtor"), and (ii) defendant Ernst & Young (Israel) Ltd. ("Defendant"), through their respective counsel, as follows:

**WHEREAS**, on August 29, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in this Court; and

287271v1

**WHEREAS**, by Order dated May 2, 2013 (the "Conversion Date"), the Court converted the Debtor's case to one under Chapter 7; and

**WHEREAS**, on May 20, 2013 (the "Election Date"), Alex Spizz was elected Chapter 7 Trustee of the Debtor pursuant to section 702 of the Bankruptcy Code and was duly qualified thereafter; and

**WHEREAS**, the Trustee filed the above-captioned adversary proceeding (the "Action") on August 27, 2014; and

**WHEREAS**, the Defendant was served with the Trustee's complaint herein (the "Complaint"); and

**WHEREAS**, Defendant's deadline to respond to the Complaint was extended through and including November 15, 2014;

**NOW, THEREFORE**, the Trustee and the Defendant, by their respective counsel, hereby agree, subject to Bankruptcy Court approval, as follows:

1. This Stipulation shall not be enforceable against or binding upon any party hereto until it is approved and so ordered by the Bankruptcy Court. In the event that the Bankruptcy Court declines to approve this Stipulation, all claims and rights of the parties hereto are reserved and nothing contained herein shall be deemed a waiver or admission by any party. The Trustee and the Defendant agree to use their best efforts to seek approval of this Stipulation.

2. In full settlement of the Action, Defendant shall deliver the sum of $6,500.00 U.S. Dollars (the "Settlement Amount") to the Trustee by wire transfer within ten (10) days after execution of this Stipulation. The Trustee shall hold the Settlement Amount in escrow pending approval of this Stipulation.

3.     This Stipulation constitutes the entire agreement and understanding of the parties hereto and supersedes any prior discussion or statement by and between the parties with respect to the subject matter hereof.

4.     This Stipulation shall be binding on and inure to the benefit of the parties hereto and their respective successors, assigns, representatives, heirs, executors, administrators, trustees, receivers, members, managers, partners, employees and agents, as the case may be.

5.     This Stipulation may not be waived, amended or modified orally or in any other way or manner except by a writing signed by the party to be bound, and such approval and authorization of the Bankruptcy Court as may be necessary and appropriate under the circumstances.

6.     Each party represents and warrants to the other that its execution, delivery and performance of this Stipulation is within the power and authority of such party and has been duly authorized by such party.

7.     This Stipulation may be signed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to be one and the same instrument.

8.     The Bankruptcy Court shall retain exclusive jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Stipulation against any person or entity that may violate its terms or refuse to act in accordance with its terms.

9.  The Bankruptcy Court shall retain jurisdiction to interpret, enforce and resolve any disputes arising under or related to this Stipulation.

| | |
|---|---|
| Dated: November 17, 2014 | Dated: November 16, 2014 |
| SPIZZ COHEN & SERCHUK, P.C.<br>Attorneys for Plaintiff Alex Spizz as Chapter 7 Trustee | KOSTELIZ & CO., LAW OFFICE |
| By: Jill Makower<br>    Alex Spizz, Esq.<br>    Arthur Goldstein, Esq.<br>    Jill Makower, Esq.<br>    425 Park Avenue, 5th Floor<br>    New York, NY 10022<br>    (212) 754-9400 | By: Yoav Segal<br>    Yoav Segal, Adv.<br>    BSR3 Tower, 31st Floor<br>    5 Kineret St. Bney Brak 5126237<br>    Israel<br>    +972 3 7671501 |

SO ORDERED:

Dated: December 19th, 2014

/s/ STUART M. BERNSTEIN
Honorable Stuart M. Bernstein
United States Bankruptcy Judge